USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
BROOKE BOWES, individually and on behalf
of all others similarly situated,

                              Plaintiff,

                  -against-

AMERICAN EAGLE OUTFITTERS, INC., a
Delaware corporation; and
AEO MANAGEMENT CO., a Delaware
corporation

                            Defendants.
------------------------------------------------------------X

18-CV-9004 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on February 14, 2020, Plaintiff filed an amended complaint asserting claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") (Dkt. 59);

       WHEREAS on March 13, 2020, Defendants filed a motion to strike the class allegations or, in the alternative, to deny class certification and a motion to dismiss (Dkt. 63);

       WHEREAS on January 28, 2021, in response to the Court's order to show cause why it should not bifurcate individual and class discovery in this case, Defendants said that they would not oppose a stay of this action pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (Dkt. 75);

       WHEREAS on February 4, 2021, Plaintiff responded to Defendants' letter, agreeing that *Facebook* "could be highly relevant to discovery to prove individual as well as class claims," and that "all other proceedings" other than a subset of discovery should be stayed pending the Supreme Court's decision in *Facebook* (Dkt. 76);

WHEREAS a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, or counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936);

WHEREAS in determining whether to grant a motion to stay, the Court considers factors including: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996);

IT IS HEREBY ORDERED THAT this case is STAYED pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*.  The Supreme Court's decision in *Facebook* will resolve the current circuit split regarding what type of device qualifies as an Automated Telephone Dialing System ("ATDS") under the TCPA.  Specifically, the Supreme Court will determine whether the definition of an ATDS encompasses any device that can store and automatically dial telephone numbers, even if the device does not use a "random or sequential number generator." The answer to that question is "pivotal" to the claims presented in this case and may substantially resolve, or at the very least "shape the progress" of, this case.  *See Van Elzen v. Glob. Strategy Grp., LLC*, No. 20-CV-3541, 2021 WL 185328, at *4 (S.D.N.Y. Jan. 19, 2021) (granting motion to stay pending *Facebook*); *Loftus v. Signpost, Inc.*, No. 19-CV-7984, 2020 U.S. Dist. LEXIS 193130, at *1 (S.D.N.Y. Oct. 19, 2020) (same); *Aleisa v. Square Inc.,* No. 20-CV-806, 2020 WL 5993226, at *7 (N.D. Cal. Oct. 9, 2020) (granting motion to stay because the Supreme Court's decision in *Facebook* will "greatly simplify a key question of law in the instant

case"). Moreover, staying this case pending the Supreme Court's ruling will conserve judicial resources.

The Court rejects Plaintiff's suggestion that the Court permit discovery to proceed on two supposedly narrow issues but stay "all other proceedings" in the case. *See* Dkt. 76 at 5–6. This ignores that pending before the Court are Defendants' motion to strike the class allegations and motion to dismiss three of Plaintiff's four claims in her First Amended Complaint. *See* Dkt. 63. While the Court will take Plaintiff's discovery-related assertions into consideration should the need arise for the Court to determine whether to bifurcate individual and class discovery, the Court sees no reason to permit discovery on some issues while staying all other matters in this case before even deciding Defendants' pending motions. Plaintiff points to no possibility of prejudice from staying this entire matter, and the Court anticipates that this stay pending the Supreme Court's ruling will cause minimal delay. *See Loftus*, 2020 U.S. Dist. LEXIS 193130, at *2 (noting that the "stay is for a relatively brief period of time because the Supreme Court will likely decide the *Facebook* case at some point in the current Term.").

For the foregoing reasons, this case is STAYED. The parties are directed to submit a joint letter no later than 14 days after the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511.

**SO ORDERED.**

Date: February 8, 2021
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**